989 F.2d 499
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Elsie M. JASINSKI, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 92-1870.
 United States Court of Appeals, Sixth Circuit.
 March 11, 1993.
 
 1
 Before BOGGS and BATCHELDER, Circuit Judges, and MANOS, Senior District Judge.*
 
 ORDER
 
 2
 Elsie M. Jasinski appeals a district court judgment affirming the Secretary's denial of social security disability benefits. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Counsel for both parties have waived oral argument.
 
 
 3
 Jasinski filed an application with the Secretary alleging that she suffered from asthma and allergies. Following a hearing, the administrative law judge (ALJ) determined that Jasinski was not disabled because she had the residual functional capacity to perform a significant number of other jobs in the regional economy. The Appeals Council affirmed the ALJ's determination. Jasinski then filed a complaint seeking judicial review of the Secretary's decision. The district court concluded that the Secretary's decision was supported by substantial evidence and granted summary judgment for the defendant. Jasinski has filed a timely appeal.
 
 
 4
 Upon review, we conclude that the Secretary's decision is not supported by substantial evidence. See Brainard v. Secretary of Health and Human Services, 889 F.2d 679, 681 (6th Cir.1989) (per curiam). Specifically, the Secretary has failed to meet its burden of showing that alternate jobs are available to Jasinski considering her age, education, past work experience and residual functional capacity. See Moon v. Sullivan, 923 F.2d 1175, 1181 (6th Cir.1990). The ALJ relied on the testimony of a vocational expert (VE) to determine that approximately 12,800 jobs existed in the Michigan economy which Jasinski could perform. However, the VE's testimony does not support this conclusion. The VE acknowledged that he did not know how many jobs existed which could accommodate Jasinski's inability to be exposed to certain environmental irritants, such as perfume and especially air conditioning. Therefore, the ALJ's reliance on this testimony was improper.
 
 
 5
 We remand this case to the Secretary for further consideration of Jasinski's ability to perform other work in the regional economy. In addition to any other issues that may be pertinent, we direct the Secretary to consider how many jobs exist in the economy that Jasinski may perform taking into account her need to be indoors in controlled temperatures and the fact that she should also not be exposed to air conditioning.
 
 
 6
 Accordingly, we vacate the district court's judgment and remand the case for further consideration by the Secretary. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John M. Manos, Senior U.S. District Judge for the Northern District of Ohio, sitting by designation